# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SELMA DIVISION

| | |
|---|---|
| PENNY DUNN and, MICKEY DUNN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO.: 17-256 ) |
| ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, THE SABATINI AGENCY, INC. AGENCY and FICTITIOUS, DEFENDANTS "A", "B" and "C" | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW, the Defendant, ALLSTATE INDEMNITY COMPANY ("Allstate") and files Notice of Removal of this action from the Circuit Court of Hale County, Alabama, to the United States District Court for the Southern District of Alabama, Selma Division. As grounds hereto, this Defendant shows unto the Court as follows:

## BACKGROUND OF THIS ACTION

1. This civil action was filed on or about <u>April 26, 2017</u>, served on Defendant Allstate on <u>May 12, 2017</u> and is now pending in the Circuit Court of Hale County, Alabama, Case Number: CV-2017-900021. True and correct copies

of all pleadings and papers contained in the state court file are attached hereto as Exhibit "A."

## THE PLAINTIFFS

2. The Plaintiffs, Penny and Mickey Dunn, are, and at the time of the commencement of this action were, resident citizens of the State of Alabama with their residence in Hale County, Alabama.

## THE REMOVING DEFENDANT

3. Defendant, Allstate Indemnity Company, is, and at the time of the commencement of this action was, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

4. Defendant, Allstate Insurance Company, is, and at the time of the commencement of this action was, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.[1]

## THE FRAUDULENTLY JOINED DEFENDANT

5. At all times referred to in the Complaint of the Plaintiffs and at the present time, the Defendant, The Sabatini Agency, was and is a corporation

---

[1] Counsel for the Defendants advises this Court that the Plaintiff's policy of insurance was issued by Allstate Indemnity Company and not Allstate Insurance Company. (See Certified Copy of Plaintiff's Insurance Policy, attached hereto as Exhibit "B"). The claim was filed with Allstate Indemnity Company and investigated by Allstate Indemnity Company. (See Affidavit of Fred Neighbors attached hereto as Ex. "C"). A motion to dismiss Allstate Insurance Company is being filed contemporaneously with this Court.

{02382971.1/1050-0733}

organized and existing under the laws of the state of Alabama with its' principal place of business in the state of Alabama.  For the purposes of this Notice of Removal, the citizenship of Defendant, The Sabatini Agency, is to be ignored as it has been fraudulently joined.[2]

## GROUNDS FOR REMOVAL

6. This case is being removed pursuant to 28 U.S.C. §1441 et seq., inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

7. This Notice of Removal is also timely filed because it is being submitted within one year from the date of commencement of the action and within 30 days of service.

8. A true and correct copy of this Notice of Removal is being served on counsel for the Plaintiffs this date.

9. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Hale County, Alabama this date.

10. No special bail was or is required in this action.

## JURISDICTION UNDER 28 U.S.C. §1332

11. This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein the matter in controversy

---

[2] A motion to dismiss The Sabatini Agency is being filed contemporaneously with this Court.

exceeds $75,000 exclusive of interest and costs and there is diversity of citizenship among the parties. (See discussion of fraudulent joinder, *infra*). As has often been the case in matters filed against insurers, Plaintiffs' choice to file suit against Allstate was accompanied by the inclusion of a Defendant who has no role or responsibility whatsoever concerning the issues raised in the Complaint.

12. The Plaintiffs' suit arises from a February 3, 2017 fire at their property located 449 Alabama Highway 60, Akron, Alabama 35441. Thereafter, notice was provided and a claim was opened by Allstate Indemnity Company. As part of the claim investigation, Allstate retained a fire investigation firm to determine the origin and cause of the subject fire who ultimately concluded the fire was incendiary. As a result, Allstate requested that Plaintiffs provide documents concerning utilities service at the property, financial records; as well as to appear for examinations under oath. In fact, Plaintiffs had only recently appeared for their examinations under oath at the time suit was filed. Plaintiffs provided the requested documentation on the very same day suit was filed. **To be clear, Allstate had not made a claim decision at the time Plaintiff chose to file suit** and, in fact, was still awaiting Plaintiffs' responses to information requested under the subject policy of insurance. (See Affidavit of Fred Neighbors, attached hereto as Exhibit "C"). Plaintiffs' suit alleges breach of contract, bad faith refusal to

pay/investigate against all defendants[3], as well as additional claims of fraudulent misrepresentation and negligent/wanton procurement against Defendant The Sabatini Agency.

13.     With regard to the amount in controversy, Plaintiffs' Complaint avers the subject fire completely destroyed Plaintiffs' home and the contents contained therein.  (See Plaintiff's Complaint ¶ 11). The Plaintiffs' insurance contract with Allstate contained an agreed value endorsement for the dwelling of $72,000.00. Thus, if the home was a total loss (as is the case here), and coverage existed, the policy would pay $72,000.00.  In addition, the policy provided personal property protection of $36,000.00.  (See Certified Copy of Insurance Policy, attached hereto as Exhibit "B").  Most importantly, Plaintiffs submitted a sworn statement in Proof of Loss attesting to an amount claimed under the contract of insurance in the amount of **$108,000.00**.   (See Plaintiff's Sworn Statement in Proof of Loss, attached hereto as Exhibit "D").

14.     Furthermore, Alabama Courts have routinely affirmed verdicts in excess of $75,000.00 based upon allegations of bad faith.  See also, <u>Standard Plan, Inc. v. Tucker</u>, 582 So. 2d 1024 (Ala. 1991) (affirming $500,000 verdict for punitive damages in a "bad faith" action); <u>Aetna Life Ins. Co. v. Lavoie</u>, 505 So. 2d 1050 (Ala. 1987) (ordering remittitur of $3,500,000 verdict to $3,000,000); <u>United

---

[3] Plaintiffs acknowledge the insurance contract was with Allstate Indemnity in their Complaint (¶ 21) but reference "Defendants" throughout their breach of contract and "bad faith" allegations.  Therefore, counsel will address the claims as though the breach of contract and bad faith allegations are alleged against all defendants.

Ins. Co. of America v. Cope, 630 So. 2d 407 (Ala. 1993) (reversing and remanding jury verdict for $1,000,000 in compensatory damages and $3,000,000 in punitive damages in "bad faith" action).

15.     Plaintiffs' Complaint provides a description of their claims and injuries, however it fails to cite a sum certain dollar figure which as the amount sought.  "When the Complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  In Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007), the Eleventh Circuit held that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds* by Cohen v. Office Depot Inc., 204 F.3d 1069 (11th Cir. 2000).

16.     In Maconeghy v. Cooper Tire & Rubber Co., at 2008 WL 4811398, at *3 (S.D. Ala. Nov. 3, 2008), the Court recognized that "in the post Lowery world,

a complaint that fails to expressly demand over $75,000.00 may still be removable on diversity grounds where the complaint's 'description of the injury itself demonstrates that the amount in controversy more likely than not exceeds the ... jurisdictional amount.' "*quoting* Sanderson v. Daimler Chrysler Motor Corp., 2007 WL 2988333, at *1 (S.D. Ala. Oct. 9, 2007).

17.   In Allen v. Toyota Motor Sales, U.S.A., Inc., 155 Fed. Appx. 480 (11th Cir. 2005), plaintiffs brought suit in the State Court claiming damages for breach of written warranty, breach of implied warranty, and revocation of acceptance, each under the Uniform Commercial Code, the Magnuson-Moss Warranty Act, and Georgia statutory law.  The complaint alleged that plaintiffs purchased a 2002 Lexus for $66,678.65, exclusive of collateral charges.  The complaint sought an unspecified amount of damages for loss of use, diminished value, lost wages, aggravation and other incidental and consequential damages, together with reasonable attorneys' fees and costs.  The defendant later removed the case to federal court.

After the jury returned a verdict for the defendant, plaintiffs appealed on the sole issue of whether the district court properly exercised subject matter jurisdiction.  Plaintiffs argued that the defendant failed to show a reasonable probability that the amount in controversy exceeded [$75,000.00].  However, the Eleventh Circuit affirmed the district court's ruling and found:

> The notice of removal filed by Toyota ... attaches a specified amount ($66,678.65) to one component of the damage request. In addition, the notice of removal sets out other components of Plaintiffs' claims for damages. In the light of the quantified damages approaching the jurisdictional amount by themselves, together with the specification of additional damages claimed ...Toyota shows, by a preponderance of the evidence, that the jurisdictional requirement is satisfied.

18. In the present case, the subject fire destroyed Plaintiffs' home and personal property located therein and Plaintiffs have submitted a sworn Proof of Loss **claiming $108,000.00 in damages**. (See Exhibit "D"). As in <u>Allen</u>, Plaintiffs have set out the amount at issue in their breach of contract claim by virtue of their clear statement of the amount claimed of Allstate in the proof of loss documents. That amount alone exceeds the amount in controversy requirement. Based on the policies and coverages at issue, the claims alleged, the amounts demanded within Plaintiffs' Sworn Proof of Loss and the history of verdicts established on "bad faith" in Alabama, Plaintiffs' claims call into controversy amounts in excess of $75,000 exclusive of interest and costs.

19. There is complete diversity of citizenship between the Plaintiffs and Defendants, excluding the fraudulently joined Defendant, The Sabatini Agency.

**<u>FRAUDULENTLY JOINED DEFENDANT THE SABATINI AGENCY</u>**

20. In addition to the breach of contract and "bad faith" claims alleged against "defendants", Plaintiffs' Complaint specifically asserts that The Sabatini Agency is liable for <u>fraudulent misrepresentation</u> and <u>negligent/wanton</u>

procurement of insurance. In support of these allegation, Plaintiffs contend the Sabatini Agency (1) falsely represented "the policy covered the Plaintiffs in case of a fire"; and (2) "undertook to procure insurance … and negligently or wantonly failed to do so." (See Plaintiffs' Complaint ¶¶ 32, 36).

21.   The citizenship of the Sabatini Agency is to be disregarded as it has been fraudulently and improperly joined in this action for the purpose of defeating Federal Court jurisdiction. Such fraudulent joinder is evidenced by the following:

a)   **Breach of Contract**

Under Alabama law, a party to an insurance contract may not sue a nonparty for breach of that contract. The Alabama Supreme Court has held an individual agent or adjuster of the insurer is not "a party to the insurance contracts and, therefore, should not be liable for the breach of those contracts." Pate v. Rollison Logging Equip., Inc., 628 So.2d 337, 343 (Ala. 1993); Ligon Furniture Co. v. O.M. Hughes Ins., Inc., 551 So. 2d 283, 285 (Ala. 1989). Based on well-established Alabama law, Defendant The Sabatini Agency simply cannot be held liable under any breach of contract theory based upon Allstate's claim investigation.

b)   **Bad Faith**

Under Alabama law, an insurer has an obligation to perform "the duty of good faith and fair dealing implied in law." Koch v. State Farm Fire & Casualty Co., 565 So. 2d 226, 229 (Ala. 1990). A breach of this duty creates a cause of

action only <u>against the insurance carrier</u> for "bad faith."  It has been established that there is no claim for "bad faith" against the individual employee and/or agent of the insurer.  <u>Pate v. Rollison Logging Equip., Inc.</u>, 628 So. 2d 337, 343 (Ala. 1993); <u>Ligon Furniture Co. v. O.M.Hughes Ins., Inc.</u>, 551 So. 2d 283, 285 (Ala. 1989).  Furthermore, a necessary element to any claim for "bad faith" is an insurance contract between the parties and a breach thereof by the Defendant. <u>National Security Fire & Casualty Co. v. Bowen</u>, 417 So. 2d 179, 183 (Ala. 1982). As noted above, Defendant The Sabatini Agency is not a party to the insurance contract between Plaintiffs and Allstate.  Clearly, Plaintiffs assertions of liability a based on a theories of "bad faith" fail to set forth a cause of action under Alabama law.

    c)    **<u>Misrepresentation</u>**

It is clear that "in order for one to succeed on a fraud claim, [the Plaintiff] must establish that a false representation of material ... fact was made, that he detrimentally relied upon it, and that he was damaged as a proximate result." <u>Earnest v. Pritchett-Moore, Inc.</u>, 401 So.2d 752 (Ala. 1981).  Additionally, "absent any evidence from the plaintiff that the representation was made with the intent to deceive, the fraud count fails." <u>Scott v. United of Omaha Life Insurance Company</u>, 749 F.Supp. 1089, 1093 (M.D.Ala. 1990).

As reflected by the affidavit of Alyson Sabatini (attached hereto as Exhibit "E"), Plaintiffs have failed to meet their burden as laid out by the <u>Scott</u> Court. The subject policy was in full force and effect at the time of the loss and provided coverage from all risks of physical loss except as limited or excluded in the policy. Here, as referenced above, **<u>Plaintiffs' claim was never denied.</u>** (See Ex. "C"). The basis of Allstate's claim investigation was not in any way related to the absence of a policy or coverage for the type of loss at issue. Instead, the investigation revealed the fire to be incendiary in origin and further investigation was necessary. (See Fire Origin and Cause Report, attached hereto as Exhibit "F"). In sum, Plaintiffs' theory of fraud directed against Defendant The Sabatini Agency encompasses the basic allegation that it promised Allstate would provide coverage "in case of a fire … should a fire destroy their home and contents." (See Ex. "A", ¶ 32). To assume that such a statement was fraud simply because Allstate was in the process of completing an investigation would manufacture a claim of fraud in every single claim. Moreover, the attached exhibits clearly reflect that Allstate was in the process of completing a thorough investigation of Plaintiffs' claim, including the retention of an outside fire investigation firm. (See Ex. "F"). The fact that Allstate's investigation had not concluded is not competent proof that a fraud occurred. The policy provided specific coverage for fire damage, subject to certain limitations and exclusions. The coverages and exclusions were plainly set

out in the policy and the existence of these coverages is undeniable based on any review of the policy. Furthermore, the materials before this Court clearly reflect the extent of Allstate's investigation.

    d)    **Negligent/Wanton Procurement**

In order to establish a claim of negligent procurement of an insurance policy, the Plaintiff must show that "an insurance agent or broker, with a view of compensation, undertakes to procure insurance for a client and unjustifiably or negligently fails to do so." Lewis v. Roberts, 630 So. 2d 355, 357 (Ala. 1993), *citing* Montz v. Mead & Charles, Inc., 557 So. 2d 1 (Ala. 1987). Furthermore, "once the parties have come to an agreement on the procurement of insurance, the agent or broker must exercise reasonable skill, care and diligence in effecting coverage." Id.

It is clear that Defendant The Sabatini Agency did, in fact, procure a policy of insurance providing the specific coverages set out above and claimed in the Proof of Loss. (See Exhibits "B", "C", "D" and "E"). Further, this policy provided coverage "in case of a fire … that should destroy [Plaintiffs'] home and contents". (See Exhibit "E"). These facts alone establish that there is no possibility that Plaintiffs could establish a cause of action for negligent procurement against The Sabatini Agency. First and foremost, Plaintiffs' claim was never denied. Furthermore, the basis of the claim investigation was not in any way related to the

absence of a policy or coverage for the type of loss at issue. Instead, the investigation revealed the fire to be incendiary in origin and further investigation was necessary. (See Exhibit "F").

The law is clear and unequivocal in requiring a showing by the Plaintiff that the agent <u>failed</u> to procure insurance. *See*, *e.g.*, <u>Lewis v. Roberts</u>, *supra*. There can be no doubt in this case that Defendant The Sabatini Agency <u>did not fail to procure insurance</u> when Plaintiff has a policy, presented a claim and Allstate has established that the claim was being investigated when suit was filed. (See Ex. "B").

22. Based on the above facts and allegations, the addition of The Sabatini Agency as a Defendant constitutes fraudulent joinder. As this Court is well aware, fraudulent joinder exists when there is no possibility that Plaintiffs would be able to establish a cause of action against the resident Defendant or there has been an outright fraud in the Plaintiffs' pleading of jurisdictional facts. Here, Plaintiffs have alleged broad theories of fraud and negligence against The Sabatini Agency in an attempt to avoid the jurisdiction of this Court. However, the analysis provided *supra*, and the attached exhibits demonstrate that these claims are not colorable under Alabama law. The causes of action and facts before the Court establish the Plaintiffs' fraudulent joinder of The Sabatini Agency. Therefore, its presence in this action is to be disregarded in determining the existence of diversity

and she is due to be dismissed with prejudice.[4] See <u>Mask v. Chrysler</u>, 825 F. Supp. 285 (N.D.Ala. 1993).

24. All Defendants join in and consent to this removal.

25. This suit is removed to this Court, under and by virtue of the Acts of Congress of the United States, and the Defendants are desirous of removing said cause to this Court.

WHEREFORE, PREMISES CONSIDERED, this Defendant respectfully request this matter be removed to the United States District Court for the Southern District of Alabama, Selma Division, according to the statutes in such case made and provided.

Done this 8th day of June, 2017.

Respectfully Submitted,

/s/Thomas E. Bazemore, III
Thomas E. Bazemore, III
Gordon J. Brady, III
Attorneys for Defendant,
Allstate Indemnity Company

**OF COUNSEL:**
HUIE, FERNAMBUCQ AND STEWART, LLP
The Protective Center, Building 3
2801 Highway 280 South, St. 200

---

[4] A Motion to Dismiss Defendant The Sabatini Agency is being filed contemporaneously with this Court.

{02382971.1/1050-0733}

Birmingham, Alabama 35223
Telephone: (205) 251-1193
TBazemore@huielaw.com
JBrady@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing document on all counsel of record, by electronic notice and/or by placing a copy of same in the United States Mail, postage paid on this the 8th day of June, 2017, as follows:

Scott Stapp
MANLEY, TRAEGER, PERRY, STAPP & COMPTON
P.O. Box 590
Demopolis, Alabama 36732

                                                  */s/Thomas E. Bazemore, III*
                                                  Of Counsel

{02382971.1/1050-0733}